APPEAL OF FRANKLIN I. BODINE ET AL., EXECUTORS OF THE ESTATE OF CAROLINE V. BARCLAY.

Docket No. 3175.    Submitted October 5, 1925.    Decided November 11, 1925.

*Leon A. Du Bois*, *C. P. A.*, for the taxpayer.
*R. E. Copes*, *Esq.*, for the Commissioner.

Before LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in estate tax in an amount less than $10,000. The issue presented is whether certain securities of the value of $98,770.26 constitute a part of the net estate subject to tax. The executors contend that the decedent made an absolute gift of the securities to certain individuals five years prior to her death, and the Commissioner contends that the gift was one intended to take effect in possession or enjoyment at or after her death.

### FINDINGS OF FACT.

Caroline V. Barclay, a resident of Pennsylvania, died testate on June 13, 1923. Franklin I. Bodine, Cornelius Bodine, and George I. Bodine, Jr., qualified as executors under the will.

In 1913 the decedent was the owner of certain securities and in that year she opened a loan account with the brokerage firm of Bodine Sons & Co., of which the three executors were then and are now members, leaving with that firm certain securities to be credited to her in that account. From time to time the firm of Bodine Sons & Co. used the securities loaned for borrowing purposes and, when it appeared advantageous, sold the securities and repurchased them at later dates. From the date the securities were loaned until August 5, 1918, the brokerage firm collected income therefrom and paid the same over to the decedent and kept her advised of all sales which it made of her securities. On August 5, 1918, the decedent called at the office of the said firm, receipted for all the securities which were in her loan account, and immediately gave them to Franklin I. Bodine, Cornelius Bodine, and George I. Bodine, Jr., who were not related to her but whom she had known intimately for many years, with the understanding that the income from said securities should be paid over to her during her life. The donees immediately loaned the transferred securities to the firm of which they were members. The firm thereafter collected the income from the securities and paid over the same to the decedent until her death, and thereafter paid the income to Franklin I. Bodine, Cornelius Bodine, and George I. Bodine, Jr. All income received by the firm of Bodine Sons & Co. after August 5, 1918, and paid over to the decedent was

reported by her in her individual income-tax returns which were prepared by that firm. After the decedent's death in 1923 the income from the securities was paid over to Franklin I. Bodine, Cornelius Bodine, and George I. Bodine, Jr., and reported by them in their individual income-tax returns. Subsequent to the transfer by the decedent of the securities to the individuals named, she was advised of any sale of the securities in the same manner as before the transfer.

### DECISION.

The determination of the Commissioner is approved.